No. 22-5022
(consolidated with No. 21-5265)

UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT

WEST FLAGLER ASSOCIATES, LTD., et al.,
*Plaintiffs-Appellees*,

v.

DEBRA HAALAND, et al.,
*Defendants-Appellants*.

Appeal from the United States District Court
for the District of Columbia
No. 1:21-cv-02192 (Hon. Dabney L. Friedrich)

**FEDERAL APPELLANTS' OPPOSITION
TO MOTION TO STAY MANDATE**

Appellee brick-and-mortar gaming facilities ("West Flagler") ask the Court to withhold its mandate pending resolution of a petition for certiorari that West Flagler intends to file in the Supreme Court, or in the alternative, pending resolution of an emergency motion to the Supreme Court that West Flagler may file in advance of that petition. A stay is not warranted, because any such petition could present no substantial question for Supreme Court review. This Court reached a narrow, case-specific holding about the meaning of particular language

in one particular Compact under the Indian Gaming Regulatory Act ("IGRA"). Its decision makes explicitly clear that the Compact does not purport to—and as a matter of law, could not—authorize the gaming activities outside Indian land that West Flagler believes are illegal, and that West Flagler's dispute is instead with the Florida law that *does* authorize those activities. West Flagler's assertion that this Court's opinion nevertheless raises questions of exceptional importance rests on the same misreading of the opinion advanced in its unsuccessful petition for rehearing *en banc*. The motion should be denied.

1.     A motion to stay the issuance of this Court's mandate pending resolution of a forthcoming petition for certiorari will not be granted absent a showing "that the petition would present a substantial question," and "that there is good cause for a stay." Fed. R. App. P. 41(d)(1); *see also* D.C. Cir. R. 41(a)(2). Under the analogous standard for obtaining a stay pending disposition of a petition for certiorari from the Supreme Court, the movant bears the burden to "demonstrate (1) a reasonable probability that th[e] Court will grant certiorari, (2) a fair prospect that the Court will then reverse the decision below, and (3) a likelihood that irreparable harm [will] result from the denial of a stay." *Maryland v. King*, 567 U.S. 1301, 1302 (2012) (Roberts, C.J., in chambers) (internal quotation marks omitted).

2.      West Flagler has not met its burden. There is no reasonable probability that the Supreme Court would grant certiorari in this case and reverse this Court's decision. The Supreme Court grants petitions for certiorari "only for compelling reasons." Sup. Ct. R. 10. With respect to decisions of federal courts of appeal, Rule 10 sets out the limited and exceptional grounds for granting a petition, including that the lower court "has entered a decision in conflict with the decision of another United States court of appeals on the same important matter" or "has decided an important question of federal law that has not been, but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of this Court." *Id.* 10(a), (c). The standard is not met in this case.

a.      West Flagler's principal argument is that the Secretary erred in declining to disapprove (and thereby permitting to take effect by operation of law) a Compact between the State of Florida and the Seminole Tribe of Florida, because the Compact violates IGRA by purporting to authorize persons in Florida to place online sports wagers from outside Indian lands. *See* Mot. 7-10. This Court expressly agreed with West Flagler that the Secretary would not have authority under IGRA to legalize gaming outside Indian lands. Slip Op. 11-13, 16-17. But it rejected West Flagler's contention that the Compact purported to do so, holding instead that the Compact merely discusses how Florida and the Tribe will regulate

wagers placed from non-Indian lands within Florida's borders, which are

separately authorized by a Florida statute that West Flagler is free to challenge. *Id.*

The Court's reading of the Compact is a sound application of basic contract-

interpretation principles, primarily that "a contractual provision should, if possible,

be interpreted in such a fashion as to render it lawful rather than unlawful." *See id.*

11-12 (collecting authorities). West Flagler nowhere contends that the Court cited

an incorrect legal standard in interpreting the Compact's language. Instead, West

Flagler apparently disagrees with the ultimate conclusion the Court reached

applying those principles to the Compact's particular text—notwithstanding that its

motion addresses the Court's textual analysis only in a one-sentence footnote. *See*

Mot. 9 n.5. But the proper interpretation of specific language appearing in a single

contract is a paradigmatic fact-bound question not warranting Supreme Court

review. *See* Sup. Ct. R. 10 ("A petition for a writ of certiorari is rarely granted

when the asserted error consists of . . . the misapplication of a properly stated rule

of law."); *United States v. Johnston*, 268 U.S. 220, 227 (1925) (recognizing that

the Supreme Court does "not grant a certiorari to review evidence and discuss

specific facts").

As it did in its *en banc* petition, West Flagler attempts to justify further

review by ignoring what the Court actually held, insisting instead that the Court

held that IGRA "permits the Secretary to approve a compact purporting to

authorize gaming *off* Indian lands." Mot. 7-8; *see also* Rehr'g Pet. 1, 2-3, 7-8. The

effort fails here for the same reason it did at the *en banc* stage: it is irreconcilable

with the opinion's express language, which took pains to "be clear" that "an IGRA

compact cannot provide independent legal authority for gaming activity that occurs

outside Indian lands." Op. 16; *see also id.* 16-17 (citing with approval the

Secretary's position that "the compact . . . would give no independent authority for

the Tribe to continue to receive bets from outside Indian lands" if the Florida

statute authorizing those bets were to be held invalid). No amount of repetition on

West Flagler's part will change the Court's unambiguous—and limited—holding.

     Nor does the Court's opinion break any new ground by recognizing that

states and tribes may discuss in compacts matters that IGRA itself does not

authorize, including their respective responsibilities for regulating gaming outside

Indian lands that is separately authorized under state law. IGRA permits states and

tribes to include in compacts agreements on "any other subjects that are directly

related to the operation of" gaming on Indian lands. 25 U.S.C.

§ 2710(d)(3)(C)(vii). And here, there can be no dispute that the placement of

wagers outside Indian lands is "directly related to" the Tribe's operation of gaming

activities on Indian lands (*i.e.,* the receipt and processing of those same wagers).[1]

---

[1] West Flagler's assertion that placing wagers is itself a form of gaming is true, but
beside the point. The focus of any IGRA compact is gaming *on Indian lands*. *See
id.* § 2710(d)(1)(C), (3)(A), (3)(B). Gaming outside Indian lands is an "other

Moreover, the Supreme Court has expressly recognized that while IGRA itself only provides tools for regulating gaming on Indian land, compacts may nevertheless include agreements related to gaming outside Indian land. *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 795-97 (2014) ("if a State really wants to sue a tribe for gaming *outside* Indian lands, the State need only bargain for a waiver of immunity" as part of the IGRA compact governing related gaming *on* Indian lands (emphasis added)). The factually disparate decisions of other circuits that West Flagler invokes (Mot. 9) likewise recognize that topics discussed in an IGRA compact must be "directly related to" the Indian-land gaming itself, but they impose no other constraint relevant to this case. *See Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024, 1037-40 (9th Cir. 2022); *Flandreau Santee Sioux Tribe v. Noem*, 938 F.3d 928, 934-35 (8th Cir. 2019); *Navajo Nation v. Dalley*, 896 F.3d 1196, 1212-16 (10th Cir. 2018).

      b.    West Flagler's alternate contention that the panel's opinion raises substantial equal-protection questions fails for largely the same reason. Once again echoing its petition for rehearing *en banc*, West Flagler argues that approval of the Compact under IGRA violated the Fifth Amendment because the Compact recognizes Florida's decision to prohibit other casinos from offering online sports

---

subject" that, on the facts of this case, is directly related to the gaming activities occurring on Indian lands.

betting in the State and to increase the criminal penalties for unauthorized sports betting. Mot. 11-13; *see* Rehr'g Pet. 12-16. But for the reasons already discussed, the Secretary's approval of the Compact did not authorize Florida's regulatory regime for wagering outside Indian lands: Florida statute did. Any equal-protection allegations against that statute belong in a challenge directed at Florida, not in a collateral attack on the approval under IGRA of a Compact that recounts the State's decision.

3.     West Flagler's failure to present a meritorious certiorari issue requires that the motion for stay be dismissed. To the extent this Court proceeds to consider West Flagler's equitable contentions, they are also fatally undermined by West Flagler's refusal to grapple with the limited nature of the Court's holding. [2] Whatever the merits of West Flagler's allegations that *Florida's* regime for governing gaming outside Indian land will cause irreparable financial injury or thwart the will of Florida voters, this suit against the *Secretary* is not the appropriate forum to air them. West Flagler remains free to challenge that Florida law in an appropriate forum. *See* Op. 16-17.

---

[2] West Flagler's suggestion (Mot. 14 n.9) that the opinion provides a blueprint for other states to evade IGRA's limits fails for the same reason. And in any event, whatever persuasive effect this Court's opinion may have in other jurisdictions is unaffected by when the mandate issues.

For these reasons, the Secretary respectfully requests that the motion be

denied.

Respectfully submitted,

<u>s/ Rachel Heron</u>
RACHEL HERON
Attorney
United States Dep't of Justice
Environment & Natural Resources Div.
P.O. Box 7415
Washington, DC 20044
(202) 514-0916
rachel.heron@usdoj.gov

September 25, 2023

**CERTIFICATE OF COMPLIANCE**

1.    This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding any parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,560 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Rachel Heron*
RACHEL HERON

Counsel for Defendants/Appellants