ORAL ARGUMENT SCHEDULED FOR DECEMBER 14, 2022
**No. 22-5022**
(consolidated with No. 21-5265)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

WEST FLAGLER ASSOCIATES, LTD., a Florida Limited Partnership d/b/a MAGIC CITY CASINO,

BONITA-FORT MYERS CORPORATION, a Florida Corporation d/b/a BONITA SPRINGS POKER ROOM,

*Plaintiffs-Appellees*,

v.

DEBRA A. HAALAND, in her official capacity as Secretary of the United States Department of the Interior,

UNITED STATES DEPARTMENT OF THE INTERIOR,

*Defendants-Appellants*,

On Appeal From The United States District Court
For The District Of Columbia, No. 1:21-cv-2192 (DLF)

## AMICUS CURIAE STATE OF FLORIDA'S
## MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

ASHLEY MOODY
*Attorney General*

Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
henry.whitaker@myfloridalegal.com

Henry C. Whitaker (D.C. Bar 499210)
*Solicitor General*
Jeffrey Paul DeSousa (Fla. Bar 110951)
*Chief Deputy Solicitor General*
Christopher J. Baum (D.C. Cir. Bar 61553)
*Senior Deputy Solicitor General*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), undersigned counsel certifies the following:

**Parties, Intervenors, and Amici**

All parties, intervenors, and amici appearing before the district court and in this Court are listed in the Brief for Federal Appellants.

**Rulings Under Review**

References to the rulings at issue appear in the Brief for Federal Appellants.

**Related Cases**

Pending in the D.C. Circuit:

- *W. Flagler Assocs., Ltd. v. Haaland*, 573 F. Supp. 3d 260, No. 1:21-cv-02192 (D.D.C. Nov. 22, 2021) (Friedrich, J.), *appeal docketed*, No. 21-5265, *and consolidated with* No. 22-5022 (D.C. Cir. Jan. 25, 2022).

Resolved in the D.C. Circuit:

- *Monterra MF, LLC v. Haaland*, 573 F. Supp. 3d 260, No. 1:21-cv-02513 (D.D.C. Nov. 22, 2021) (Friedrich, J.), *appeal docketed*, No. 22-5010 (D.C. Cir. Jan. 20, 2022), *voluntary dismissal granted* (D.C. Cir. June 1, 2022).

Resolved in the Eleventh Circuit:

- *W. Flagler Assocs., Ltd. v. DeSantis*, 568 F. Supp. 3d 1277, No. 4:21-cv-270 (N.D. Fla. Oct. 18, 2021) (Winsor, J.), *appeal docketed*, No. 21-14141 (11th Cir.

Nov. 29, 2021), *voluntary dismissal granted sub nom. W. Flagler Assocs., Ltd. v. Governor of Fla.*, 2021 WL 7209340 (11th Cir. Dec. 20, 2021).

Dated: November 15, 2022

/s/ Henry C. Whitaker
Henry C. Whitaker

## MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

The Attorney General of Florida, on behalf of the State of Florida, respectfully requests that this Court grant leave to participate in the oral argument scheduled for December 14, 2022, and in support states as follows:

1. This Court has scheduled oral argument for this case and the related appeal, *West Flagler Assocs., Ltd. v. Haaland*, No. 21-5265 (D.C. Cir.), for December 14, 2022, at 9:30 AM, and has indicated that "[a] separate order will be issued regarding the allocation of time for argument." Order, No. 21-5265, Doc. #1970070 (D.C. Cir. Oct. 21, 2022). The Court has not yet allocated the time for oral argument.

2. Pursuant to D.C. Circuit Local Rule 34(e), Florida respectfully requests that this Court permit Florida to participate in oral argument and grant it at least 5 minutes of oral argument time. Florida proposes that the Court enlarge the oral argument time it otherwise would have allocated to the parties by a minimum of 5 minutes per side, so that each side has equivalent oral argument time.

3. Florida's participation in oral argument would aid the Court in deciding the complicated questions of federal law here. As demonstrated by its amicus brief, Florida's legal arguments are not coterminous with the arguments advanced by the United States. For example, Florida's amicus brief explains that the district court erred in setting aside the entire Compact, something that the district court appears to

1

have done in part because the United States "forfeited" an argument that the purportedly offending provision was severable. Fla. Br. 16-22. The United States also appears to differ on whether interstate routing of wholly intrastate wagers would violate the Wire Act. *Compare* Fla. Br. 11-12, *with* Fed. Br. 36-37. And Florida is positioned to be more definitive than the United States as to whether the Compact and the state statute authorizing the placement of wagers pursuant to the Compact are fully consistent with Florida's Constitution, an issue germane to whether the Compact violates the Unlawful Internet Gambling Enforcement Act. *See* Fla. Br. 12-16; Fed. Br. 38-41.

4. Moreover, Florida's interest in this case is quite substantial. The 2021 Compact provides enormous economic benefits to both the State of Florida and the Tribe. The Compact expands and modernizes gambling in Florida, including by authorizing—like many other states—intrastate internet sports betting; the addition of Vegas-style craps and roulette; and the establishment of three new casino facilities in South Florida. The new compact also extended the relationship between the State and the Tribe, currently governed by a 2010 gaming compact that was set to last until 2030, for an additional 21 years. The Compact was ratified by overwhelming majorities of both Houses of the Florida Legislature. It was then deemed approved by the federal government pursuant to the Indian Gaming Regulatory Act when the Secretary of Interior allowed it to go into effect. *See* 25 U.S.C. § 2710(d)(8)(C). The

district court, however, granted plaintiffs' motion for summary judgment and "set aside the Secretary's default approval of the Compact." JA 578. Florida has a substantial interest in reinstating the Compact, either in whole or in part. It will produce revenue of approximately $2.5 billion for the State in the first five years and create thousands of jobs for Floridians.

5. Given the perspective that Florida can offer, and in light of the massive significance of the Compact to Florida, the Court should grant Florida leave to participate in the oral argument on the terms set forth above.

6. Pursuant to D.C. Circuit Local Rule 34(c), counsel for Florida conferred with the parties as to whether they would consent to Florida's participation in oral argument. Counsel for the United States said that the United States would not oppose Florida's participation in the oral argument, but indicated that the United States would only be willing to cede a maximum of 2 minutes of its oral argument time to Florida. Counsel for the United States also said, however, that the United States would not oppose Florida's receiving 5 minutes of oral argument time, provided that the Court enlarges the time the Court otherwise would have allocated for oral argument. Counsel for Appellants indicated that Appellants take no position on Florida's participation in the argument, provided that each side has equivalent oral argument time.

7. Counsel for Florida respectfully submits that 2 minutes would be insufficient for Florida's presentation to aid the Court.

Florida thus respectfully requests that this Court grant leave to participate in the oral argument and to allocate Florida at least 5 minutes of oral argument time.

Dated: November 15, 2022        Respectfully submitted.

ASHLEY MOODY
Attorney General

*/s/ Henry C. Whitaker*
Henry C. Whitaker (D.C. Bar 499210)
*Solicitor General*
Jeffrey Paul DeSousa (Fla. Bar 110951)
*Chief Deputy Solicitor General*
Christopher J. Baum (D.C. Cir. Bar 61553)
*Senior Deputy Solicitor General*
Office of the Attorney General
State of Florida
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
henry.whitaker@myfloridalegal.com

*Counsel for Amicus Curiae State of Florida*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.   This motion complies with the type-volume requirement of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion contains 769 words; and

2.   This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), and thereby complies with Federal Rule of Appellate Procedure 27(d)(1)(E), because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Henry C. Whitaker*
Henry C. Whitaker

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Henry C. Whitaker*
Henry C. Whitaker